# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HUBBARD,<br><br>    Plaintiff,<br><br>    v.<br><br>SGT. GARCIA, et al.,<br><br>    Defendants. | Case No. 1:14-cv-00278-AWI-SAB PC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

Plaintiff Zane Hubbard is a state prisoner, proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's complaint, filed February 28, 2014. (ECF No. 1.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1

1  conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell
2  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate
3  that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v.
4  Williams, 297 F.3d 930, 934 (9th Cir. 2002).

5       Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings
6  liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d
7  1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be
8  facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer
9  that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss
10  v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant
11  has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's
12  liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572
13  F.3d at 969.

## II.

## DISCUSSION

16       Plaintiff alleges that on February 5, 2014, the Warden, the Superintendent, Sergeant
17  Garcia of IGI, CDW T. Perez, J.L Williams, Hirachetta, DeOchoa, Rodriguez, and Sergeant
18  Tumacder threated to kill him, homosexually harassed him, and deliberately slandered him if he
19  did not "protective custody up." (Compl. 3, ECF No. 1.)  Plaintiff states that when he asked why
20  law enforcement and protective custody inmates are his only enemy concerns, he was told it is
21  because they say he looks black and is from the Mexican Mafia, specifically, the " 'actual' Black
22  Hand". (Id.)  Plaintiff contends this is part of the "negative criticism and discrimination, relative
23  to cruel and unusual punishment" he is currently suffering from.  (Id.)

24       While Rule 8 only requires "a short and plain statement of the claim", the factual
25  allegations in the complaint must contain sufficient factual detail for the Court to reasonably
26  infer that the defendants are responsible for the conduct alleged.  Iqbal, 556 U.S. at 678-79.
27  Plaintiff's conclusory statements are insufficient to state a plausible claim showing that he is
28  entitled to relief.  Plaintiff's complaint shall be dismissed with leave to amend and he is advised

of the following legal standards that would appear to apply to his claims.

### A.   Defendant Liability

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 129 S. Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions. Iqbal, 129 S. Ct. at 1948; OSU Student Alliance v. Ray, 699 F.3d 1053, 1069 (9th Cir. 2012). In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff's complaint has little factual detail and names individual defendants with no factual allegations included against them. In his amended complaint, Plaintiff must include sufficient factual allegations as to the circumstances of this alleged incident, and the involvement of each individual defendant, for the Court to reasonably infer that the defendant was engaged in the misconduct alleged.

### B.   Cruel and Unusual Punishment

Liability under section 1983 exists where a defendant "acting under the color of law" has deprived the plaintiff "of a right secured by the Constitution or laws of the United States." Jensen v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000). The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Where an inmate is challenging the conditions of confinement he must show there was a

deprivation "sufficiently serious" to form the basis of a violation and "the prison official acted "with a sufficiently culpable state of mind." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson, 217 F.3d at 731. Since neither verbal harassment nor verbal threats constitute a violation of the Eighth Amendment, Plaintiff fails to state a cognizable claim. Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996); Oltarzewski v. Ruggiero, 830 F.2d 136, 138 (9th Cir. 1987); Gaut v. Sunn, 810 F.2d 923, 925 (9th 1987).

### C. Equal Protection

The Equal Protection Clause requires that all persons who are similarly situated should be treated alike. Lee v. City of Los Angeles, 250 F.3d 668, 686 (2001); City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Lee, 250 F.3d at 686; Barren v. Harrington, 152 F.3d 1193, 1194 (1998), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (2005); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Plaintiff's conclusory of discrimination is insufficient to state a cognizable claim.

### D. Sentencing

Plaintiff also alleges that Defendant Banks-Graves is responsible for withholding and disobeying a court order of remand for resentencing. (ECF No. 1 at 3.) To the extent that Plaintiff seeks an order that he be resentenced, he needs to file such a motion with the resentencing court.

Further, Plaintiff alleges in the complaint that Defendant Banks-Graves is a correctional counselor. Correctional counselors in the prison system are not responsible for resentencing criminal defendants. It does not appear that Plaintiff can link Defendant Banks-Graves to any failure by the court to resentence him.

Additionally, Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.3d 1371, 1375 (9th Cir. 1980). This claim is improperly joined in this action.

### E. Amended Complaint

Plaintiff shall be granted the opportunity to file an amended complaint. In his first amended complaint, Plaintiff shall state as briefly as possible the facts of his case, describing how each defendant is involved, and Plaintiff shall not give any legal arguments or cite to any cases or statutes. (See Form Complaint, § IV, enclosed with this order.) Plaintiff shall separate his claims, so that it is clear what his claims are and who the defendants involved are. Further, for each claim, Plaintiff shall clearly and succinctly set forth the facts to state the acts or failure to act by each Defendant that led to a knowing violation of Plaintiff's federal rights.

### III.

### CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 678-79. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th

Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed February 28, 2014, is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **June 16, 2014**

UNITED STATES MAGISTRATE JUDGE