UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HUBBARD,<br><br>    Plaintiff,<br><br>    v.<br><br>SGT. J. G. GARCIA, et al.,<br><br>    Defendants. | Case No.: 1:14-cv-00278-AWI-SAB (PC)<br><br>ORDER VACATING FINDINGS AND RECOMMENDATION, AND GRANTING PLAINTIFF THIRTY DAYS TO FILE AN AMENDED COMPLAINT<br><br>[ECF No. 9] |

Plaintiff Zane Hubbard is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On June 17, 2014, the Court dismissed Plaintiff's complaint and granted leave to file an amended complaint within thirty days. Plaintiff failed to file an amended complaint or otherwise respond to the Court's order. Therefore, on August 6, 2014, the undersigned issued a Findings and Recommendation to dismiss the action for failure to comply and failure to state a cognizable claim for relief.

On August 20, 2014, Plaintiff filed objections to the Findings and Recommendation. In his objections, Plaintiff fails to acknowledge his failure to comply with the Court's June 17, 2014, order and merely attempts to argue the merits of his complaint.

Plaintiff is advised that given this Court's heavy caseload, particularly involving prisoner civil rights litigation, deadlines must be strictly enforced, even involving individuals proceeding pro se, and

1

Plaintiff must demonstrate cause why he has failed to comply with deadline. Although courts must construe pleadings by pro se litigants liberally, "pro se litigants are bound by the rules of procedure." Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995). Thus, Plaintiff's pro se status does not exempt him from compliance with the deadlines and procedural requirements in this case. Indeed, Plaintiff's failure to follow and/or comply with the Court's orders frustrates the Court's efficient management and control of the docket in this case. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance by litigants."). If Plaintiff continues to ignore and defy court orders, the action can and will be subject to sanctions, including dismissal of the action. See Local Rule 110.

In the interest of justice, the Court will vacate the Findings and Recommendations and grant Plaintiff thirty (30) days from the date of service of this order to file an amended complaint in compliance with the Court's June 17, 2014, order. Plaintiff's second amended complaint should be brief, Fed R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In addition, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level...." Bell Atlantic Corp. v. Trowmbly, 550 U.S. 544, 555 (2007). Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997), overruled in part on other grounds, Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Accordingly,

IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued August 6, 2014, is VACATED;
2. Within thirty (30) days from the date of service of this order Plaintiff shall file an amended complaint;

//

3. Failure to comply with this order will result in dismissal of the action.

IT IS SO ORDERED.

Dated: **August 21, 2014**

UNITED STATES MAGISTRATE JUDGE