UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HUBBARD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SGT. J. G. GARCIA, et al.,<br><br>　　　　Defendants. | Case No.: 1:14-cv-00278-AWI-SAB (PC)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 12] |

Plaintiff Zane Hubbard is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Now pending before the Court is Plaintiff's first amended complaint, filed September 8, 2014.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
2  do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly,
3  550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally
4  participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County,
5  Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

6      Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings
7  liberally construed and to have any doubt resolved in their favor, but the pleading standard is now
8  higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive
9  screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow
10 the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal,
11 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer
12 possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely
13 consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556
14 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

17     Plaintiff names J. C. Garcia, T. Perez, J.L. Williams, Hirachetta, De Ochoa, Rodriguez, Connie
18 Gibson, Tumacder, and Kelloggs, as Defendants.

19     Plaintiff contends he has been subjected to cruel and unusual punishment by the Defendants.

20     On February 5, 2014, through electroconvulsive therapy Sergeant Garcia told him to "copulate
21 with my mom," and has threatened to kill me. De Ochoa and Rodriguez without reason accused
22 Plaintiff of having "something in his ass," and subjected Plaintiff to degrading strip searches in front
23 of 28 other inmates who taunted Plaintiff.

24     Perez harassed Plaintiff names attempting to slander and insult Plaintiff's integrity as a man. J.
25 L. Williams harassed Plaintiff on several occasions for communicating with the Court calling him
26 "whining," in light of his actions "taking off child safety tape," stating "I haven't lost a psychological
27 war in 25 years."

28

1    Sergeant Tumacder asked Plaintiff if he "liked boys," and called him the "Black hand," and
2    stated that Plaintiff looked "Black," but he is a validated associate of the Mexican Mafia.
3    After Plaintiff informed Sergeant Kellogs that he is Anti-Christ, Kellogs placed a spit mask
4    over Plaintiff's face and escorted him to suicide watch.
5    Warden Connie Gibson allows employees to harass inmates with electroconvulsive
6    therapy/stimulation to inflict pain and torture inmates. Plaintiff contends he is being discriminated
7    against and should not be housed in the Security Housing Unit.
8    Plaintiff contends he is falsely imprisoned and was unconstitutionally convicted.

## III.

## DISCUSSION

**A.    Rule 8**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rule 8(e)(1) instructs that "[e]ach averment of a pleading shall be simple, concise, and direct." A complaint violates Rule 8 if a defendant would have difficulty understanding and responding to the complaint. Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1059 (9th Cir. 2011).

Plaintiff's amended complaint is confusing and nonsensical in parts. For instance, one allegation in the amended complaint states "psychosurgery, including lobotomy, stereotactic surgery, chemical or other destruction of brain tissue, or implementation of the brain or infliction of pain when used as an aversive or reinforcing stimulus in a program of aversive." (Amd. Compl. at 6, ECF No. 12.) This statement clearly does not provide Defendants with fair notice of the claims in a short, clear and concise statement. See Twombly, 550 U.S. at 555. To the extent discernable, the Court will address Plaintiff's other claims below.

**B.    Cruel and Unusual Punishment-Excessive Force**

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted). For

3

1   claims arising out of the use of excessive physical force, the issue is "whether force was applied in a
2   good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."
3   Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (citing *Hudson*, 503 U.S. at 7) (internal
4   quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013).  The objective
5   component of an Eighth Amendment claim is contextual and responsive to contemporary standards of
6   decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses
7   of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always
8   violates contemporary standards of decency, regardless of whether or not significant injury is evident,
9   Wilkins, 559 U.S. at 37-8, 130 S.Ct. at 1178 (citing Hudson, 503 U.S. at 9-10) (quotation marks
10  omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

11          Whether force used by prison officials was excessive is determined by inquiring if the "force
12  was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to
13  cause harm." Hudson, 503 U.S. at 6-7.  The Court must look at the need for application of force; the
14  relationship between that need and the amount of force applied; the extent of the injury inflicted; the
15  extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and
16  any efforts made to temper the severity of the response.  See Whitley v. Albers, 475 U.S. 312, 321
17  (1986).

18          The failure to intervene can support an excessive force claim where the bystander-officers had
19  a realistic opportunity to intervene but failed to do so.  Lolli v. County of Orange, 351 F.3d 410, 418
20  (9th Cir. 2003); Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000); Robins v. Meecham, 60
21  F.3d 1436, 1442 (9th Cir. 1995); see also Motley v. Parks, 383 F.3d 1058, 1071 (9th Cir. 2004)
22  (neither officers who participated in the harassing search nor officers who failed to intervene and stop
23  the harassing search were entitled to qualified immunity).

24          Plaintiff does not provide sufficient facts to enable the Court to analyze his claim under the
25  Whitley factors.  Plaintiff does not explain the use of the electroconvulsive therapy of which he
26  complains, or the ramifications of such therapy.  If Plaintiff chooses to amend, he must allege facts
27  showing that a named Defendant applied force other than in a good-faith effort to maintain or restore
28  discipline, or maliciously and sadistically to cause harm, or failed to intervene in such application of

4

1  force notwithstanding reasonable opportunity to do so.  Accordingly, Plaintiff fails to state a
2  cognizable claim for cruel and unusual punishment.

3        **C.**      **Fourth Amendment-Strip Search**

4        The Fourth Amendment prohibits only unreasonable searches.  Bell v. Wolfish, 441 U.S. 520,
5  558, 99 S.Ct. 1861 (1979); Byrd v. Maricopa Cnty. Sheriff's Dep't, 629 F.3d 1135, 1140 (9th Cir.
6  2011), *cert. denied*, 131 S.Ct. 2964 (2011); Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir.
7  1988).  The reasonableness of the search is determined by the context, which requires a balancing of
8  the need for the particular search against the invasion of personal rights the search entails.  Bell, 441
9  U.S. at 558-59 (quotations omitted); Byrd, 629 F.3d at 1141; Bull v. City and Cnty. of San Francisco,
10  595 F.3d 964, 974-75 (9th Cir. 2010); Nunez v. Duncan, 591 F.3d 1217, 1227 (9th Cir. 2010);
11  Michenfelder, 860 F.2d at 332-34.  Factors that must be evaluated are the scope of the particular
12  intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which
13  it is conducted.  Bell, 441 U.S. at 559 (quotations omitted); Byrd, 629 F.3d at 1141; Bull, 595 F.3d at
14  972; Nunez, 591 F.3d at 1227; Michenfelder, 860 F.2d at 332.

15        Plaintiff has not pled sufficient facts to state a claim for an unreasonable search.  Although
16  Plaintiff claims he was subjected to a strip search in front of other inmates, there are insufficient
17  allegations to determine the reasonableness of such search, such as the scope of the search, the manner
18  in which it was conducted, and the place in which it was conducted.  The bare factual allegations do
19  not allow the Court to determine if Plaintiff states a plausible claim for relief.  See, e.g., Byrd v.
20  Maricopa County Sheriff's Dep't, 629 F.3d 1135, 1141 (9th Cir. 2011) (en banc) ( reasonableness of a
21  search under the Fourth Amendment requires "a case-by-case 'balancing of the need for the particular
22  search against the invasion of personal rights that the search entails.'") (quoting Bell, 441 U.S. at 559).
23  Accordingly, Plaintiff fails to state a cognizable Fourth Amendment violation.

24        **D.**      **Verbal Threats**

25        Verbal harassment or abuse alone is not sufficient to state a claim under section 1983,
26  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a
27  constitutional violation, Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).  Accordingly, Plaintiff's
28  allegations that he was verbally assaulted and/or threatened fail to state a cognizable claim for relief.

### E.  Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008).  To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based on his membership in a protected class.  Hartmann, 707 F.3d at 1123; Furnace, 705 F.3d at 1030; Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).

Plaintiff's conclusory allegations are not sufficient to support a constitutional claim for discrimination.  Although Plaintiff contends that after he informed Sergeant Kelloggs that he was Anti-Christ a spit mask was placed over his head and he was escorted to suicide watch, Plaintiff's allegations are conclusory and lack sufficient detail to determine whether the actions were without a penological purpose or were motived purely out of discrimination.  Accordingly, Plaintiff fails to state a cognizable equal protection claim.

### F.  Supervisory Liability

Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on *respondeat superior*, or vicarious liability.  Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc).  "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."  Crowley, 734 F.3d at 977 (citing Snow, 681 F.3d at 989) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; *Lacey*, 693 F.3d at 915-16.  "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation."  Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff contend that Warden Connie Gibson allows employees to harass inmates with electroconvulsive therapy to inflict and torture the inmates, does not give rise to an independent constitutional violation by Defendant Gibson.  Plaintiff's complaint is devoid of any allegations supporting the existence of a supervisory liability claim against Warden Gibson.  The only basis for such a claim would be respondeat superior, which is precluded under section 1983.

## IV.
## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted.  Plaintiff is granted one final opportunity to file a second amended complaint within thirty (30) days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff an amended civil rights complaint form;
2. Plaintiff's amended complaint, filed September 8, 2014, is dismissed for failure to state

a claim;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **October 9, 2014**

UNITED STATES MAGISTRATE JUDGE