# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HUBBARD,<br><br>    Plaintiff,<br><br>    v.<br><br>SGT. J. G. GARCIA, et al.,<br><br>    Defendants. | Case No.: 1:14-cv-00278-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF SECOND AMENDED COMPLAINT, WITH PREJUDICE, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 14] |

    Plaintiff Zane Hubbard is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

    Now pending before the Court is Plaintiff's second amended complaint, filed October 28, 2014.

    On June 17, 2014, the Court dismissed Plaintiff's original complaint with leave to amend for failure to state a cognizable claim for relief. (ECF No. 8.) After Plaintiff filed an amended complaint, the Court again dismissed the complaint, with leave to amend, for failure to state a cognizable claim for relief. (ECF No. 13.)

    For the reasons explained below, the Court finds the second amended complaint should be dismissed, with prejudice, as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

///

///

I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

II.

## COMPLAINT ALLEGATIONS

Plaintiff names J.C. Garcia, T. Perez, J.L. Williams, Hirachetta, DeOchoa, Rodriguez, as Defendants, and Plaintiff requests a declaratory judgment, a preliminary and permanent injunction, and compensatory damages, as relief.

Plaintiff contends that he has been subjected to electroconvulsive therapy-a military interrogation application that requires radiation and/or electricity to experiment on the human anatomy, read individual's mind, galvanize people, employ phobias, deprive them of sleep, and provoke and/or control individuals by employing pressure during interrogation.  It also allows the ability to transmit memories from a single person's brain to any television or internet connection, violating the individual's right to privacy.   Plaintiff contends that for three years prison officials have this electroconvulsive force against him 24 hours a day, demanding that he is a sensitive needs yard inmate.  Plaintiff is being sexually harassed by T. Perez who demands that he "masturbate all day and has [his] mother, brothers, sisters and family members watch the internet."  Failure to comply with the demands would result in "galvanization" and subjection to electricity shocks.[1]

### III.
### DISCUSSION

**A.     Excessive Force Claim**

Plaintiff contends that he has been subjected to excessive force by use of electroconvulsive therapy to terrorize and torment him.

Plaintiff's allegations that Defendants used electroconvulsive therapy that requires radiation and/or electricity to experiment on the human anatomy, read individual's mind, galvanize people, employ phobias, deprive them of sleep, and provoke and/or control individuals by employing pressure during interrogation, are facially implausible, fantastic, and presents a delusional scenario, warranting dismissal of the claim.  See, e.g., Neitzke v. Williams, 490 U.S. 319, 327-328 (1989) (in forma pauperis statute accords judges the authority to "pierce the veil of the complaint's factual allegations" and dismiss claims "describing fantastic or delusional scenarios").  There is no basis to Plaintiff's claim that he is the subject of electroconvulsive therapy and his claim of excessive force is irrational and incredible, and should be dismissed as "fanciful," "fantastic," and "delusional." Id.  In addition, Plaintiff's claim that excessive force was imposed upon him each Defendants slandered, threatened,

---

[1] In at least two other actions filed in this Court, case numbers 1:14-cv-00042-AWI-JLT and 1:14-cv-00275-LJO- MJS, Plaintiff has raised similar claims relating to the use of electroconvulsive therapy.  In both cases, the Court has recommended dismissal of the action for failure to state a cognizable claim for relief.

and/or harassed me," is without merit because verbal threats do not amount to a constitutional violation. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Accordingly, Plaintiff clearly fails to state a claim for relief.

### B. Right to Privacy

Plaintiff contends that Defendants have invaded his right to privacy within his cell by subjecting him to electroconvulsive therapy

The United States Supreme Court has held that "[a] right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order." Hudson v. Palmer, 468 U.S. 517, 527 (1984). Thus, "the Fourth Amendment's prohibition on unreasonable searches does not apply in prison cells." To the extent Plaintiff contends his constitutional right to privacy has been violated by the electroconvulsive therapy, his claim fails as such contention is based on fantastic and delusional allegations. Accordingly, Plaintiff fails to state a constitutional violation of his right to privacy.

### C. Right to Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based on his membership in a protected class. Hartmann, 707 F.3d at 1123; Furnace, 705 F.3d at 1030; Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).

Plaintiff's claim that out of 28 inmates, 27 of them were subject to a regular strip search, however, Plaintiff was ordered to "bend over." When Plaintiff refused, Sergeant DeOchoa responded stating, "bend over, I think you got something in your ass." Plaintiff contends this was "highly" unnecessary because he is under constant surveillance 24 hours a day," apparently through the alleged electroconvulsive therapy. Plaintiff has failed to demonstrate that any of the named Defendants acted

with an intent or purpose to discriminate against him based upon membership in a protected class. Accordingly, Plaintiff fails to state a cognizable claim.

Because all of Plaintiff's claims relate in some form or fashion to the alleged use of electroconvulsive therapy which is fantastic or delusional, rather than the result of Defendants' actual conduct, the complaint should be dismissed as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

## IV.

## RECOMMENDATION

Plaintiff's amended complaint fails to state any cognizable claim for relief. Plaintiff was previously notified of the applicable legal standards and afforded the opportunity twice to cure the deficiencies in his complaint. Plaintiff has failed to do so. Accordingly, further leave to amend would be futile and is not justified. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-1449 (9th Cir. 1987). Therefore, the undersigned recommends that the action be dismissed with prejudice for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 18, 2014**

UNITED STATES MAGISTRATE JUDGE